```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**WILSHIRE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                  Civil Action No: 5:05-0026

**KARROL L. JOHNSON, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are three motions to dismiss filed by plaintiff (Doc. Nos. 65, 74, 84).  Plaintiff moves to dismiss counterclaims by defendants Walter T. Cox, Adams Transport Company ("Adams Transport"), Grain Dealers Mutual Insurance Company ("Grain Dealers"), and Safeco Insurance Company of America ("Safeco") (Doc. No. 65); counterclaims by William L. Wilson, Shirley Wilson, and Westfield Group ("Westfield") (Doc. No. 74); and counterclaims by Grange Mutual Insurance Company ("Grange") (Doc. No. 84).  Having reviewed the record and applicable law and for the reasons outlined below, the court treats the "counterclaims" asserted against plaintiff as defenses and **DENIES** plaintiff's motions to dismiss (Doc. Nos. 65, 74, 84).

### I. Background

On July 3, 2004, a twenty-two car collision occurred on I-77 near Beckley, West Virginia.  Plaintiff provided commercial auto insurance to Blue Valley Fleet, Inc. ("Blue Valley") with a

policy limit of one million dollars for a single occurrence. Blue Valley owned one of the trucks involved in the accident and employed its driver.  Because of the number and extent of the claims, plaintiff filed a complaint on January 7, 2005 for statutory interpleader pursuant to 28 U.S.C. § 1335 against a number of defendants who have or may have claims to insurance proceeds as a result of the accident.

By order of this court on January 26, 2005, plaintiff was permitted to pay one million dollars to the clerk of the court in accordance with Federal Rule of Civil Procedure 67.  (Doc. No. 4 at 2.)  These insurance proceeds are the primary stake in this interpleader action.*  In the order, the court indicated that the court would later determine a fair and equitable distribution of the stake.  (Id.)

On February 2, 2005, Safeco answered plaintiff's complaint and filed a counterclaim for sums allegedly paid to its insureds as a result of the accident.  (Doc. No. 5.)  On March 14, 2005, defendants Walter T. Cox, Adams Transport, and Grain Dealers answered plaintiff's complaint and brought a counterclaim against plaintiff for damage allegedly sustained as a result of the accident.  (Doc. No. 54 at 4-5.)  On April 20, 2005, defendants

---

\* Integon National Insurance Company filed a cross-claim for interpleader against all defendants and paid a total of $125,000.00 to the clerk. (Doc. Nos. 93, 111, 112.)  In its cross-claim, Integon alleged that it insured Thomas J. Corp, who may be liable to others involved in the accident. (Doc. No. 93.)

William L. Wilson, Shirley Wilson, and Westfield answered plaintiff's complaint and included a counterclaim asserting a claim against the stake. (Doc. No. 68.) Finally, Grange answered plaintiff's complaint on May 10, 2005, and asserted a claim to the stake in a counterclaim. (Doc. No. 79.)

Plaintiff moved to dismiss the counterclaims discussed above. Plaintiff argues that the counterclaims are an improper method of asserting a right to the stake. (Doc. No. 66, 74, 84.) Cox, Adams Transport, and Grain Dealers responded and do not oppose plaintiff's motion as it relates to interpleader procedure. (Doc. No. 83.) These defendants explain that their counterclaim is merely meant to inform the court of their claim to portions of the stake. (Id. at 2.) Grange responded that the counterclaim is proper because plaintiff has a duty to defend its insured and because Grange is entitled to all sources of payment for their damages. (Doc. No. 96 at 2.) In its reply, plaintiff argues that Grange has really asserted a claim against the stake instead of asserting any claim against plaintiff. (Doc. No. 109 at 1.) Safeco, the Wilsons, and Westfield did not respond to plaintiff's motion to dismiss within the time permitted under the Local Rules. Accordingly, the motions are ripe for decision.

## II. Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless "it appears beyond doubt that the plaintiff can

3

prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In assessing a motion to dismiss for failure to state a claim, the Court must accept all well-pled allegations set forth in the complaint as true and must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  "The court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events."  Morgan v. Graco Children's Prods., Inc., 184 F. Supp.2d 464, 465-66 (D. Md. 2002) (citations omitted).

Under the liberal pleading permitted by the Federal Rules of Civil Procedure, the court must treat mistakenly labeled counterclaims as defenses and mistakenly labeled defenses as counterclaims.  Fed. R. Civ. P. 8(c).  In general, the court must construe pleadings to do "substantial justice."  Fed. R. Civ. P. 8(f).

### III.  Analysis

Interpleader actions proceed in two steps.  First, the court determines the right of the party invoking the remedy to compel claimants to litigate their claims to the stake in one proceeding.  Mid-American Indem. Co. v. McMahan, 666 F. Supp. 926, 928 (1987); see also Charles A. Wright, et al., 7 Federal

<u>Practice and Procedure: Civil</u> § 1714 (3d. ed. 2005). The appropriate way to assert a claim against the stake is to file an answer setting out the claim. <u>Syms v. McRitchie</u>, 187 F.2d 915, 919 (5th Cir. 1951). Once the court determines that interpleader is proper, the court may enjoin proceedings related to the same subject matter and discharge the stakeholder if it is disinterested (seeks no part of the stake). <u>Southtrust Bank of Florida, N.A. v. Wilson</u>, 971 F. Supp. 539, 542 (M.D. Fla. 1997). In the second step of an interpleader action, the court determines the respective rights of the claimants to the stake. <u>Mid-American</u>, 666 F. Supp. at 928.

In this case, the defendants discussed above asserted claims to portions of the one million dollar stake in their answers but designated them as "counterclaims." (Doc. No. 5 at 9-10; Doc. No. 54 at 4-5.) Because these "counterclaims" do not assert independent claims of liability against plaintiff, they are not compulsory counterclaims under Rule 13(a). <u>See</u> <u>Old Colony Ins. Co. v. Lampert</u>, 129 F. Supp. 545, 550 (D.N.J. 1955). Thus, defendants' claims to the stake should have been stated merely as defenses in their respective answers. <u>See</u> <u>id.</u>

Pursuant to Rule 8(c) and in the interest of justice, the court treats the claims to portions of the stake asserted by defendants Cox, Adams Transport, Safeco, William L. Wilson, Shirley Wilson, Westfield, and Grange as defenses instead of

5

counterclaims. Thus, the claims of the defendants discussed above to the stake are preserved for the second step of this interpleader action. Because defendants' answers have been recharacterized to state claims to the stake as defenses rather than as counterclaims, plaintiff's motions to dismiss are denied.

### IV. Conclusion

For the reasons outlined above, defendant's motion to dismiss (Doc. Nos. 65, 74, 84) are DENIED. The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 1st day of March, 2006.

ENTER:

*David A. Faber* (signature)

David A. Faber
Chief Judge