```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BECKLEY
```

**WILSHIRE INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                        **Civil Action No: 5:05-0026**

**KARROL L. JOHNSON, et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is cross-defendant Margaret T. Pedri's ("Ms. Pedri") motion to dismiss a cross-claim brought by Andrew Sells, Randall Sells, Marjorie Sells, Allen Sells, and Jacqueline Sells ("Sells Claimants") (Doc. No. 77). Having reviewed the record and applicable law and for the reasons outlined in the court's memorandum opinion filed herewith, the court **GRANTS** Margaret Pedri's motion to dismiss (Doc. No. 77).

### I. Background

On July 3, 2004, a twenty-two car collision occurred on I-77 near Beckley, West Virginia. Plaintiff provided commercial auto insurance to Blue Valley Fleet, Inc. ("Blue Valley") with a policy limit of one million dollars for a single occurrence. One of Blue Valley's covered vehicles was involved in the accident. Because of the number and extent of the claims, plaintiff filed a complaint on January 7, 2005 for statutory interpleader pursuant to 28 U.S.C. § 1335 against a number of defendants who have or

may have claims to insurance proceeds as a result of the accident.

By order of this court on January 26, 2005, plaintiff was permitted to pay one million dollars to the clerk of the court in accordance with Federal Rule of Civil Procedure 67. (Doc. No. 4 at 2.) These insurance proceeds are the primary stake in this interpleader action.* In the order, the court indicated that the court would later determine a fair and equitable distribution of the stake. (Id.)

On April 8, 2005, the Sells Claimants answered plaintiff's complaint and initiated a cross-claim against Ms. Pedri. (Doc. No. 64.) In their cross-claim, the Sells Claimants seek damages for injuries they sustained in the accident allegedly due to Ms. Pedri's negligence. (Id. at 4.)

Ms. Pedri moved to dismiss the cross-claim, arguing that it is improper in an interpleader action because it states a cause of action against Ms. Pedri as a tortfeasor rather than against any right she may have to the stake. (Doc. No. 78 at 3.) The Sells Claimants failed to respond within the time permitted under the Local Rules. Accordingly, the motion is ripe for decision.

---

* Integon National Insurance Company filed a cross-claim for interpleader against all defendants and paid a total of $125,000.00 to the clerk. (Doc. Nos. 93, 111, 112.) In its cross-claim, Integon alleged that it insured Thomas J. Corp, who may be liable to others involved in the accident. (Doc. No. 93.)

2

## II. Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In assessing a motion to dismiss for failure to state a claim, the Court must accept all well-pled allegations set forth in the complaint as true and must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997). "The court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." Morgan v. Graco Children's Prods., Inc., 184 F. Supp.2d 464, 465-66 (D. Md. 2002) (citations omitted).

## III. Analysis

In an interpleader action, cross-claims may be asserted to attack a co-defendant's claims to the stake, but for no other purpose. Allstate Ins. Co. v. McNeill, 382 F.2d 84, 87 (4th Cir. 1967) (holding that a cross-claim in an interpleader action should be dismissed unless it challenges a co-defendant's right to the stake). The Sells Claimants' cross-claim must be dismissed because it alleges a claim against Ms. Pedri as a tortfeasor and not against her potential rights to the stake.

Accordingly, this court grants Ms. Pedri's motion to dismiss the cross-claims of the Sells Claimants (Doc. No. 77).

## IV. Conclusion

Because the Sells Claimants' cross-claim is improper in an interpleader action, cross-defendant Margaret T. Pedri's motion to dismiss (Doc. No. 77) is granted. The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 1st day of March, 2006.

ENTER:

David A. Faber
Chief Judge